

**PKA Law**

Paykin Krieg & Adams, LLP
10 Grand Central
155 East 44th Street, 6th Fl.
New York, NY 10017
Tel: (212) 725-4423

**David A. Schrader, Partner**
**Paykin Krieg & Adams, LLP**
**NY & NJ Bars**
**Email: dschrader@PKA-law.com**

March 5, 2020

Email
Hon. Paul G. Gardephe, U.S.D.J.
U.S. Courthouse, S.D.N.Y.
40 Foley Square
New York, New York 10007

      Re:    Epic Sports & Entertainment, Inc. v. Greg Cohen Promotions, LLC
              Docket No. 20-cv-1269

Dear Judge Gardephe:

This law firm represents defendant Greg Cohen Promotions, LLC ("GCP") in the above matter. We submit this letter to request a pre-motion conference for leave to file a motion pursuant to F.R.C.P. 12(b)(1) and other provisions of Rule 12(b). We have sent a letter (and follow-up emails) to plaintiff's counsel requesting that this matter be dismissed based upon the failure of subject matter jurisdiction, as well as based upon certain contractual clauses affecting jurisdiction and requiring pre-action mediation. As of this point, plaintiff's counsel has thus far refused to dismiss this matter.

According to plaintiff's complaint, this action was filed pursuant to 28 U.S.C. 1332 asserting diversity jurisdiction. *See* Complaint, para 1 [DN 5]. As set forth in the complaint, the plaintiff is a Florida corporation and is thus a citizen of the State of Florida. Defendant Greg Cohen Promotions, LLC is a New Jersey limited liability company with its at least one of its



members being a citizen of the State of Florida. It is black letter law that a limited liability company is a citizen of all states in which its members reside. See, e.g., Handelsman v. Bedford Vill. Assocs. L.P., 213 F.3d 48, 51-52 (2d Cir. 2000). As a result of the foregoing, there is a lack of complete diversity of citizenship between the parties and the Court thus lacks subject matter jurisdiction over this action. Two separate Declarations were provided to plaintiff's counsel attesting to the citizenship of members of the defendant LLC being in Florida along with written requests to dismiss this action. Based upon the failure of plaintiff's counsel to voluntarily dismiss this action, defendant seeks leave to file a motion pursuant to F.R.C.P. 12(b)(1) to dismiss for lack of subject matter jurisdiction. Notably, defendant has provided evidence to the plaintiff of the citizenship of two of the members of the defendant LLC but the defendant has thus far failed and/or refused to dismiss this action.

Above and beyond the lack of subject matter jurisdiction, this action would also be subject to dismissal pursuant to other provisions of F.R.C.P. 12(b) based upon the clauses of the written agreement upon which this action is based (the "Co-Promotional Agreement"). The Co-Promotional Agreement provides that any litigation between the parties must be commenced in the *state* courts of New York. [DN 5-2] Paragraph 22(a) of the written agreement provides "[i]t is hereby agreed that any and all disputes will be settled through the New York Court system" The plain language of the "New York Court system" can only mean the court system administered by the State of New York which would be the Supreme Court of the State of New York.. Additionally, paragraph 22(b) of the written Agreement also contains an additional pre-


litigation requirement that the parties mediate any dispute in good faith before filing any legal action regarding a breach of any provision of the agreement.  [DN-5-2].

By virtue of the above contractual provisions, to the extent that this matter is not dismissed pursuant to F.R.C.P. 12(b)(1), the action should be alternatively dismissed based upon these contractual provisions.  Should the plaintiff require defendants to proceed forward with this motion, defendant also requests the right to file a companion motion pursuant to F.R.C.P. 11 and pursuant to 28 U.S.C. 1927 seeking sanctions and counsel fees.

Respectfully Submitted,

s/s David A. Schrader

David A. Schrader